Jonathan L. Sulds (JS-4674)
Jonathan L. Israel (JI-5882)
Evandro C. Gigante (EG-7402)
AKIN GUMP STRAUSS HAUER & FELD LLP
590 Madison Avenue
New York, New York 10022
(212) 872-1000

*Attorneys for Defendants United Parcel Service,
Inc., United Parcel Service of America, Inc., and
United Parcel Service Co.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH MURRAY<br><br>Plaintiff,<br><br>-against-<br><br>UNITED PARCEL SERVICE OF AMERICA, INC., UNITED PARCEL SERVICE, INC., UNITED PARCEL SERVICE CO., THOMAS CLEARY and JILLIAN DEDIER,<br><br>Defendants. | No. 08-CV-2160 (LAK) (DFE)<br><br>**ANSWER OF DEFENDANTS UNITED PARCEL SERVICE, INC., UNITED PARCEL SERVICE OF AMERICA, INC., AND UNITED PARCEL SERVICE CO.** |

Defendants United Parcel Service, Inc., United Parcel Service of America, Inc., and United Parcel Service Co. (collectively "Defendants" or "UPS") by and through their attorneys Akin Gump Strauss Hauer & Feld LLP, hereby answers the First Amended Complaint (the "Complaint") filed by Keith Murray ("Plaintiff") as set forth below. UPS further states that any allegation in the Complaint that is not expressly admitted below is denied.

## PARTIES

1. UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations concerning Plaintiff's residence.

2. UPS admits the allegations to Paragraph 2 of the Complaint and avers that Defendant United Parcel Service of America, Inc. is not a proper party to this action.

3. UPS admits the allegations in Paragraph 3 of the Complaint.

4. UPS admits the allegations in Paragraph 4 of the Complaint and avers that Defendant United Parcel Service Co. is not a proper party to this action.

5. UPS denies the allegations in Paragraph 5 of the Complaint, except admits that UPS maintained places of business within New York State since January 1, 2004.

6. UPS denies the allegations in Paragraph 6 of the Complaint, except admits that UPS owned, used or possessed real property within New York State since January 1, 2004.

7. UPS denies the allegations in Paragraph 7 of the Complaint, except admits that UPS derived revenue from doing business within New York State since January 1, 2004.

8. UPS denies the allegations in Paragraph 8 of the Complaint, except admits that Defendant Thomas Cleary ("Cleary") is employed by UPS and avers that Mr. Cleary is employed as a Security Supervisor.

9. UPS denies the allegations in Paragraph 9 of the Complaint, except admits that Defendant Jillian Dedier ("Dedier") is employed by UPS and avers that Ms. Dedier is employed as a Security Supervisor.

**FACTS RELEVANT TO THE CASE**

10. UPS denies the allegations in Paragraph 10 of the Complaint concerning the date of Plaintiff's commencement of employment, and admits that Plaintiff was a package delivery driver (i.e., Service Provider) and that Plaintiff was assigned to a route in Washington Heights, Manhattan.

11. UPS denies the allegations in Paragraph 11 of the Complaint.

2

12. UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 12 of the Complaint, except denies that its supervisors or management approved Plaintiff's use of Jose Beato to deliver UPS packages.

13. UPS denies the allegations in Paragraph 13 of the Complaint, except admits that an internal investigation was commenced in late 2006 into a possible cell phone scam focusing on Plaintiff Keith Murray.

14. UPS denies the allegations in Paragraph 14 of the Complaint, except admits that Defendant Cleary was assigned to oversee the investigation.

15. UPS denies the allegations in Paragraph 15 of the Complaint, except admits and avers that on February 2, 2007, Defendant Cleary and other individuals met Plaintiff at his package car while Plaintiff was on his route; that Defendant Cleary requested that Plaintiff accompany him back to UPS's 43rd Street facility due to an ongoing investigation; and that Defendant Cleary also requested that Plaintiff hand over his personal cell phone because Defendant Cleary did not want Plaintiff to contact anyone about the investigation.

16. UPS admits that Plaintiff complied with Defendant Cleary's requests.

17. UPS denies the allegations in Paragraph 17 of the Complaint, except admits and avers that Plaintiff was accompanied to UPS's 43rd Street facility.

18. UPS denies the allegations in Paragraph 17 of the Complaint, except admits that Defendant Cleary showed Plaintiff a photograph of Mr. Beato and asked if Plaintiff recognized Mr. Beato; that Defendant Cleary asked what Plaintiff knew about the delivery of fraudulently ordered cell phones; and that Plaintiff provided Defendant Cleary with the explanation set forth in Paragraph 18 of the Complaint.

19. UPS denies the allegations in Paragraph 19 of the Complaint and avers that Plaintiff was asked to write a statement and in fact wrote a 2 page statement in which he admitted to delivering cell-phone packages to "Jose" 2-3 times per week (for approximately 1 year) directly from his package car while knowing that Jose's identification did not match the intended recipients of the packages.

20. UPS denies the allegations in Paragraph 20 of the Complaint.

21. UPS denies the allegations in Paragraph 21 of the Complaint.

22. UPS denies the allegations in Paragraph 22 of the Complaint.

23. UPS denies the allegations in Paragraph 23 of the Complaint.

24. UPS denies the allegations in Paragraph 24 of the Complaint, except admits that after Plaintiff's interview with Defendants Cleary and Dedier concluded, police officers from the New York City Police Department entered the interview room and placed Plaintiff under arrest.

25. UPS denies the allegations in Paragraph 25 of the Complaint, except admits that Plaintiff denied all knowledge of criminal activity.

26. UPS denies the allegations in Paragraph 26 of the Complaint.

27. UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 27 of the Complaint, except admits that Plaintiff was handcuffed and escorted out of the building.

28. UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 28 of the Complaint.

29. UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 29 of the Complaint.

30. UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 30 of the Complaint.

31. UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 31 of the Complaint.

32. UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 32 of the Complaint.

33. UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 33 of the Complaint.

34. UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 34 of the Complaint.

35. UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 35 of the Complaint.

36. UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 36 of the Complaint.

37. UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 37 of the Complaint.

38. UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 38 of the Complaint.

39. UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 39 of the Complaint.

40. UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 40 of the Complaint.

41. UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 41 of the Complaint.

42. UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 42 of the Complaint.

43. UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 43 of the Complaint.

44. UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 44 of the Complaint.

45. UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 45 of the Complaint.

46. UPS admits the allegations in Paragraph 46 of the Complaint.

47. UPS admits that the Administrative Law Judge took evidence and heard testimony from both parties, although denies that Defendant Cleary was given an adequate opportunity to present UPS's position concerning Plaintiff's misconduct and resignation.

48. With respect to Paragraph 48 of the Complaint, UPS admits that Plaintiff purports to quote language contained in the ALJ's opinion issued in Plaintiff's unemployment insurance case, and refers the Court to such opinion for a true and accurate transcription thereof. UPS otherwise denies the allegations in Paragraph 48 of the Complaint.

49. UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 49 of the Complaint.

50. With respect to Paragraph 50 of the Complaint, UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 50, except denies such allegations to the extent they are asserted against UPS in any respect.

51.   With respect to Paragraph 51 of the Complaint, UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 50, except denies such allegations to the extent they are asserted against UPS in any respect.

52.   UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 52 of the Complaint.

53.   UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 53 of the Complaint.

54.   UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 54 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983)

55.   UPS incorporates and repeats as if fully set forth herein each and every one of its responses to the allegations in Paragraphs 1 through 54 the Complaint.

56.   UPS denies the allegations in Paragraph 56 of the Complaint.

57.   UPS denies the allegations in Paragraph 57 of the Complaint.

58.   UPS denies the allegations in Paragraph 58 of the Complaint, except admits that Plaintiff willfully consented to be interviewed by UPS (Plaintiff's employer) on UPS' premises during working hours concerning the performance of his duties for UPS.

59.   UPS denies the allegations in Paragraph 59 of the Complaint.

60.   UPS denies the allegations in Paragraph 60 of the Complaint.

61.   Paragraph 61 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 61.

62. Paragraph 62 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 62.

63. UPS denies the allegations in Paragraph 63 of the Complaint.

64. UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 64 of the Complaint.

65. UPS denies the allegations in Paragraph 65 of the Complaint.

66. UPS denies the allegations in Paragraph 66 of the Complaint.

67. UPS denies the allegations in Paragraph 67 of the Complaint.

68. UPS denies the allegations in Paragraph 68 of the Complaint.

69. UPS denies the allegations in Paragraph 69 of the Complaint

**AS AND FOR A SECOND CAUSE OF ACTION**
**(State Law False Arrest and False Imprisonment)**

70. UPS incorporates and repeats as if fully set forth herein each and every one of its responses to the allegations in Paragraphs 1 through 69 the Complaint.

71. UPS denies the allegations in Paragraph 71 of the Complaint.

72. UPS denies the allegations in Paragraph 72 of the Complaint.

73. UPS denies the allegations in Paragraph 73 of the Complaint.

74. UPS denies the allegations in Paragraph 74 of the Complaint.

75. UPS denies the allegations in Paragraph 75 of the Complaint.

76. UPS denies the allegations in Paragraph 76 of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION
### (State Law Malicious Prosecution)

77. UPS incorporates and repeats as if fully set forth herein each and every one of its responses to the allegations in Paragraphs 1 through 76 the Complaint.

78. UPS denies the allegations in Paragraph 78 of the Complaint.

79. UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 79 of the Complaint, except denies that the criminal proceeding against Plaintiff was affirmatively procured or instigated by Defendants Cleary, Dedier and/or UPS.

80. UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 80 of the Complaint.

81. Paragraph 81 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 81.

82. UPS denies the allegations in Paragraph 82 of the Complaint.

83. UPS denies the allegations in Paragraph 83 of the Complaint.

84. UPS denies the allegations in Paragraph 84 of the Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Negligence)

85. UPS incorporates and repeats as if fully set forth herein each and every one of its responses to the allegations in Paragraphs 1 through 84 the Complaint.

86. UPS denies the allegations in Paragraph 86 of the Complaint.

87. UPS denies the allegations in Paragraph 87 of the Complaint.

88. UPS denies the allegations in Paragraph 88 of the Complaint.

89. UPS denies the allegations in Paragraph 89 of the Complaint.

### AS AND FOR A FIFTH CAUSE OF ACTION
### (Negligent Hiring, Training and Supervision)

90. UPS incorporates and repeats as if fully set forth herein each and every one of its responses to the allegations in Paragraphs 1 through 89 the Complaint.

91. UPS denies the allegations in Paragraph 91 of the Complaint, except admits that Defendant Cleary has been an employee of UPS at least since January 1, 2004.

92. UPS denies the allegations in Paragraph 92 of the Complaint, except admits that Defendant Dedier has been an employee of UPS at least since January 1, 2004.

93. UPS denies the allegations in Paragraph 93 of the Complaint.

94. UPS denies the allegations in Paragraph 94 of the Complaint.

95. UPS denies the allegations in Paragraph 95 of the Complaint.

96. UPS denies the allegations in Paragraph 96 of the Complaint.

### AS AND FOR A SIXTH CAUSE OF ACTION
### (Punitive Damages)

97. UPS incorporates and repeats as if fully set forth herein each and every one of its responses to the allegations in Paragraphs 1 through 96 the Complaint.

98. UPS denies the allegations in Paragraph 98 of the Complaint.

99. UPS denies the allegations in Paragraph 99 of the Complaint.

With respect to the WHEREFORE paragraph following Paragraph 99 of the Complaint, UPS admits that Plaintiff purports to seek remedies and relief against UPS, but denies that Plaintiff is entitled to such or other remedies or relief.

### DEFENSES AND AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Court lacks personal jurisdiction over the Defendants.

3. Defendants United Parcel Service of America, Inc. and United Parcel Service Co. are not proper parties to this litigation as they do not employ Defendants Dedier and Cleary (nor did they employ Plaintiff), and had no involvement whatsoever in the investigation of Plaintiff's misconduct and his voluntary resignation from UPS.

4. Plaintiff's claims are barred in whole or in part by the exclusive remedies provision of New York's Workers' Compensation Law.

5. Plaintiff's claims are preempted under federal labor law, including without limitation, Section 301 of the Labor Management Relations Act ("LMRA"), 28 U.S.C. § 185, and Sections 7 and 8 of the National Labor Relations Act ("NLRA"), 28 U.S.C. §§ 157, 158.

6. On the facts alleged, Plaintiff is not entitled to any of the relief requested in the Complaint.

7. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

8. Plaintiff's claims are barred, in whole or in part, by laches, waiver, release, arbitration and award, the existence of an applicable collective bargaining agreement, satisfaction and accord, estoppel, res judicata, collateral estoppel, and/or unclean hands.

9. Plaintiff's claims are barred in whole or in part by Plaintiff's failure to do equity.

10. On the facts alleged, Plaintiff is not entitled to the compensatory and punitive damages requested in the Complaint, or any other relief. Indeed, there is no basis, in law or in fact, to support Plaintiff's claims for punitive damages. UPS did not engage in any unlawful practices with malice or with reckless indifference to Plaintiff's rights.

11. The Amended Complaint fails to state a claim upon which attorneys' fees or costs can be awarded.

12. Any damages that Plaintiff could recover are barred or reduced by his failure to mitigate damages.

13. Plaintiff is not entitled to any recovery because any alleged acts or omissions by Defendants were privileged, did not breach any duties owed to Plaintiff or others, and were made in good faith, in conformity with and reliance on applicable administrative regulations, orders, rulings, approvals or interpretations, or administrative practice or enforcement policies.

14. UPS is not liable under 42 U.S.C. § 1983 because any alleged acts or omissions by UPS were not taken under color of state law.

15. Plaintiff's false imprisonment claims are barred in whole or in part by the doctrines of consent, privilege and legal justification.

16. Plaintiff's malicious prosecution claims are barred in whole or in part because of the existence of probable cause, because Plaintiff's criminal proceeding did not result in a favorable termination, and because of the absence of actual malice on the part of UPS.

17. All or part of Plaintiff's claims are barred under the *de minimis* doctrine.

18. Defendant UPS is not liable to Plaintiff for the acts or omissions of any supervisory or managerial employee which were beyond the scope of employment and hence, any such conduct may not be attributed to UPS through principles of agency, *respondeat superior*, or otherwise.

19. The alleged acts or omissions of Defendants were not the proximate cause of any injuries or damages allegedly incurred by Plaintiff.

20. To the extent, if any, Plaintiff has suffered any damages and/or losses, such damages and losses were a result of Plaintiff's own conduct and/or omissions.

Defendants reserve the right to add, alter and/or amend their defenses and affirmative defenses as the course of discovery so requires.

WHEREFORE, having fully answered the First Amended Complaint served by Plaintiff, Defendants respectfully request that the Court dismiss Plaintiff's claims with prejudice, or in the alternative, that each and every request for relief be denied and that all costs and attorneys' fees be awarded to Defendants against Plaintiff along with such other relief as the Court may deem just and proper.

Dated: New York, New York
       March 11, 2008

Respectfully submitted,

_____
Jonathan L. Sulds (JS-4674)
Jonathan L. Israel (JI-5882)
Evandro C. Gigante (EG-7402)
AKIN GUMP STRAUSS HAUER & FELD LLP
590 Madison Ave.
New York, New York 10022
(212) 872-1000
(212) 872-1002 (fax)

*Attorneys for Defendants United Parcel Service, Inc., United Parcel Service of America, Inc., and United Parcel Service Co.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2008, the foregoing Answer of Defendants United Parcel Service, Inc., United Parcel Service of America, Inc. and United Parcel Service Co., was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service, and via regular United Parcel Service Overnight Delivery upon the following:

        Adam Richards, Esq.
        40 Fulton Street, 7th Floor
        New York, New York
        *Counsel for Plaintiff*

By: _____
        Evandro C. Gigante (EG-7402)
        AKIN GUMP STRAUSS HAUER & FELD LLP
        590 Madison Avenue
        New York, New York 10022
        Tel: (212) 872-1000
        Fax: (212) 872-1002
        E-mail: egigante@akingump.com

        *Attorneys for Defendants United Parcel Service, Inc., United Parcel Service of America, Inc., and United Parcel Service Co.*