Richard J. Rabin (RR-0037)
Evandro C. Gigante (EG-7402)
AKIN GUMP STRAUSS HAUER & FELD LLP
590 Madison Avenue
New York, New York 10022
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Email: rrabin@akingump.com
         egigante@akingump.com

*Attorneys for Defendants Thomas Cleary and Jillian Dedier*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KEITH MURRAY,

          Plaintiff,

          -against-

UNITED PARCEL SERVICE OF AMERICA, INC.,
UNITED PARCEL SERVICE, INC., UNITED
PARCEL SERVICE CO., THOMAS CLEARY AND
JILLIAN DEDIER,

          Defendants.
------------------------------------------------------------x

NO. 08-CV-02160 (LAK)

**MEMORANDUM OF LAW ON BEHALF OF DEFENDANTS
THOMAS CLEARY AND JILLIAN DEDIER IN SUPPORT OF MOTION
TO DISMISS THE COMPLAINT UNDER FED. R. CIV. P. 12(B)(2) and 12(B)(5)**

**TABLE OF CONTENTS**

**BACKGROUND** ..........................................................................................................................1

**ARGUMENT**................................................................................................................................3

    I.      **PLAINTIFF HAS FAILED TO COMPLETE SERVICE UPON THE INDIVIDUAL   DEFENDANTS UNDER N.Y. C.P.L.R. § 308(2).** .....................5

    II.     **PLAINTIFF HAS NOT – AND CANNOT – COMPLETE SERVICE WITHIN THE  TIME LIMIT PRESCRIBED BY F.R.C.P. 4(m)**......................6

**CONCLUSION** ............................................................................................................................8

i

# **TABLE OF AUTHORITIES**

**Cases**                                                                            **Page(s)**

*AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104 (S.D.N.Y. 2000) .......... 7

*Burnham v. Superior Court of Cal.*, 495 U.S. 604, 110 S. Ct. 2105 (1990) .......... 3

*Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654 (S.D.N.Y. 1997) .......... 2, 6

*Johnson v. Quik Park Columbia Garage Corp.*, 93 *Civ 5276*, 1995 U.S. Dist. LEXIS 5824 (S.D.N.Y. Apr. 28, 1995) .......... 6, 7

*Miller v. Lawrence*, 05 Civ. 6088, 2006 U.S. Dist. LEXIS 103 (S.D.N.Y. Jan. 3, 2006) .......... 7

*Moultry v. City of Poughkeepsie*, 154 F. Supp. 2d 809 (S.D.N.Y. 2001) .......... 7

*Myers v. Secretary of Treasury*, 173 F.R.D. 44 (E.D.N.Y. 1997) .......... 7

*Ogbo v. New York State Dep't of Taxation & Fin.*, 99 CV 9387, 2000 U.S. Dist. LEXIS 12848 (S.D.N.Y. Sept. 6, 2000), *aff'd*, 45 Fed. Appx. 58 (2d Cir. 2002) .......... 7

*Pennoyer v. Neff*, 95 U.S. 714, 24 L.Ed. 565 (1878) .......... 3

*Pope v. Rice*, 04 *Civ 4171*, 2005 U.S. Dist. LEXIS 4011 (S.D.N.Y. Mar. 14, 2005) .......... 2, 5, 6, 7, 8

*Spinale v. United States, et al.*, 03 Civ. 1704, 2005 U.S. Dist. LEXIS 4608 (S.D.N.Y. March 16, 2005) .......... 7

## **STATUTES**

42 U.S.C. § 1983 .......... 1

28 U.S.C. § 1331 .......... 1

F.R.C.P. 4(e)(1) .......... 3

F.R.C.P. 4(m) .......... 3, 4, 6, 7

F.R.C.P. 12(b)(2) .......... 1, 3, 8

F.R.C.P. 12(b)(5) .......... 1, 3, 6, 8

N.Y. C.P.L.R. § 308(2) .......... *passim*

Pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") 12(b)(2) and 12(b)(5), Defendants Thomas Cleary and Jillian Dedier (collectively, the "Individual Defendants") file this motion to dismiss plaintiff Keith Murray's First Amended Complaint ("Complaint") due to plaintiff's failure to properly serve the Individual Defendants, thereby depriving this Court of personal jurisdiction over them.[1]

## BACKGROUND

This is a meritless action brought by a former employee found to be complicit in a scheme to steal cell phones, and who – when confronted with the evidence – promptly resigned his employment. Despite these facts, Plaintiff has sought to pursue claims against United Parcel Service, Inc. ("UPS")), United Parcel Service of America, Inc., United Parcel Service Co. (collectively, "UPS Corporate Defendants"), and the Individual Defendants in the New York State Supreme Court, Bronx County.[2] Plaintiff asserts claims of false arrest/false imprisonment; malicious prosecution; negligence; negligent hiring and supervision; and alleged violation of his constitutional rights under 42 U.S.C. § 1983. *See* Compl. ¶¶ 55-99.[3] The claims at issue arise largely in connection with UPS's investigation into plaintiff's cell phone scheme. *See id.* at ¶¶ 13-23.

The Individual Defendants are Security Supervisors employed by UPS, who Plaintiff seeks to hail before this Court for doing their jobs. On February 2, 2007, the Individual

---

[1] The Individual Defendants make this limited appearance solely for the purpose of challenging service and do not, by virtue of this appearance, submit to the jurisdiction of the Court.

[2] On March 4, 2008, the UPS Corporate Defendants removed this case from the New York State Supreme Court, Bronx County to this Court given this Court's jurisdiction under 28 U.S.C. § 1331.

[3] Pursuant to the Court's Individual Practice Rules, copies of the summons and First Amended Complaint are attached as Exhibit 2 to the accompanying Declaration of Evandro C. Gigante, Esq. ("Gigante Decl.").

1

Defendants interviewed plaintiff about his suspected involvement in the scheme. *See id.* at ¶ 17. During that interview, plaintiff admitted to violating company policy and voluntarily resigned his employment from UPS. *See id.* at ¶ 21. As a result of UPS's investigation, however, plaintiff, along with others involved in the scam, were arrested by the New York City Police Department. *See id.* at ¶ 24.

Shortly after filing the Complaint on February 7, 2008, plaintiff served the UPS Corporate Defendants by delivering a copy of the Complaint to their registered agent for service. However, *plaintiff never properly served* the Individual Defendants.

As discussed in the accompanying Affidavits of Thomas Cleary and Jillian Dedier, plaintiff attempted to effect service upon the Individual Defendants by a method commonly referred to as "leave and mail" service under § 308(2) of the New York Civil Practice Law and Rules ("N.Y. C.P.L.R."). *See* Affidavit of Thomas Cleary ("Cleary Aff.") at ¶¶ 3, 4; Affidavit of Jillian Dedier ("Dedier Aff.") at ¶¶ 3, 4. On May 7, 2008, plaintiff (or his process server) left a copy of the Complaint and accompanying summons for the Individual Defendants at UPS's facility on West 43rd Street in Manhattan. *See id.* Thereafter, Plaintiff mailed copies of the summons and Complaint to each Individual Defendant at UPS's West 43rd Street facility, which the Individual Defendants received on May 15, 2008. *See id.* However, plaintiff has *not* filed the requisite proof of service with the Court (Gigante Decl. Ex. 2), thus rendering service deficient under N.Y. C.P.L.R. § 308(2). *See Pope v. Rice*, 04 Civ 4171, 2005 U.S. Dist. LEXIS 4011, at *50 (S.D.N.Y. Mar. 14, 2005) ("leave and mail service under Section 308(2) is ineffective where a plaintiff does not file proof of service with the clerk within twenty days of the date on which the process serve mailed the summons and complaint.") (quoting *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 660 (S.D.N.Y. 1997)).

Plaintiff's failure to serve is a jurisdictional failing, which removes the two Individual Defendants from this Court's jurisdiction. Moreover, as further discussed below, Plaintiff has no means of curing this deficiency within the time limits prescribed F.R.C.P. 4(m) and the N.Y. C.P.L.R. Accordingly – and because it is unfair to force the Individual Defendants to defend this bogus Complaint absent proper service – the Complaint should be dismissed as against the Individual Defendants.

## ARGUMENT

F.R.C.P. 12(b)(2) permits a court to dismiss a complaint for lack of personal jurisdiction over a defendant. *See* F.R.C.P. 12(b)(2). An inherent requirement in asserting personal jurisdiction over a defendant is that the defendant be properly served with process. *See e.g., Burnham v. Superior Court of Cal.*, 495 U.S. 604, 110 S. Ct. 2105 (1990); *Pennoyer v. Neff*, 95 U.S. 714, 24 L.Ed. 565 (1878). Under F.R.C.P. 12(b)(5), dismissal of a complaint is appropriate and required where the plaintiff has failed to sufficiently complete service of process upon the defendant. *See Pope*, 2005 U.S. Dist. LEXIS 4011, at *44 ("Insufficiency of service of process is an appropriate ground for dismissal of a complaint.") (citing F.R.C.P. 12(b)(5)). Thus, because plaintiff failed to properly effect service upon the Individual Defendants, and as a result this Court lacks personal jurisdiction over these defendants, the Complaint as against the Individual Defendants should be dismissed.

Service upon an individual under the federal rules may be effected by, among other ways, "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." F.R.C.P. 4(e)(1). Thus, pursuant to F.R.C.P. 4(e)(1), service upon an individual defendant in New York may be

3

completed by following any of the service methods prescribed by Section 308 of the N.Y. C.P.L.R. *See* N.Y. C.P.L.R. § 308 (setting forth the ways in which personal service may be made upon a natural person).

Section 308(2) of the N.Y. C.P.L.R. permits service via the "leave and mail" method by, for example, leaving a copy of the summons and Complaint with a person of suitable age and discretion at the defendant's actual place of business *and* mailing the summons and Complaint to the defendant's actual place of business, provided that both steps are taken within twenty (20) days of the each other. *See* N.Y. C.P.L.R. § 308(2). However, to perfect service via this method, the rule ***specifically requires*** the prompt filing of proof of service with the Court:

> [P]roof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later; service shall be complete ten days after such filing . . . .

N.Y. C.P.L.R. § 308(2). As discussed below, plaintiff has failed to perfect service as required, thus depriving the Court of personal jurisdiction over the Individual Defendants.

Plaintiff's service of process upon the Individual Defendants also fails for a separate independent reason: it was not – and cannot be – completed within the 120 days F.R.C.P. 4(m) permits. As stated in the Rule:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — ***must dismiss the action without prejudice against that defendant or order that service be made within a specified time***.

Fed. R. Civ. P. 4 (m) (emphasis added). While the Federal Rules permit a court to extend this deadline in certain circumstances, such as for good cause shown (*see id.*), such an extension is clearly not warranted here, as discussed below.

4

For each of the two above reasons, plaintiff has not – and cannot – properly serve the Individual Defendants, and thus his Complaint as against those individuals should be dismissed.

## I. PLAINTIFF HAS FAILED TO COMPLETE SERVICE UPON THE INDIVIDUAL DEFENDANTS UNDER N.Y. C.P.L.R. § 308(2).

First, plaintiff's Complaint as against the Individual Defendants should be dismissed in light of his failure to complete "leave and mail" service pursuant to N.Y. C.P.L.R. § 308(2).

Although a copy of the summons and Complaint was left for the Individual Defendants at UPS's 43rd Street facility, and subsequently mailed to the individuals, Plaintiff failed to complete service by filing proof of service with the Court within twenty (20) days, as prescribed by § 308(2). To do so, plaintiff would have had to file proof of service within twenty (20) days of mailing the summons and Complaint to the Individual Defendants. *See* N.Y. C.P.L.R. § 308(2) ("proof of such service shall be filed with the clerk of the court designated in the summons ***within twenty days of either such delivery or mailing, whichever is effected later***") (emphasis added). Here, because the Individual Defendants *received* the complaint by mail on May 15, 2008, plaintiff was required to file proof of service *before* – and in no event on or later than – June 4, 2008 (*i.e.*, 20 days after May 15, 2008). Because plaintiff has not filed proof of service before June 4, 2008 (*see* Gigante Decl. ¶ 4), service on the Individual Defendants is not – and cannot be – complete as a matter of law. *See id.*

Notably, courts have strictly applied the filing requirement in § 308(2) and dismissed cases where plaintiff failed to timely file proof of service with the court. *See Pope*, 2005 U.S. Dist. LEXIS 4011, at *50 (dismissing individual claims where "plaintiff failed to comply with Section 308's requirement that proof of service . . . be filed with the Clerk of Court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later");

5

*Howard*, 977 F. Supp. at 660 (noting that where plaintiff complied with the first two requirements of Section 308(2), she nonetheless "failed to file a proof of service with the clerk within 20 days" and thus "failed to effect proper service."); *Johnson v. Quik Park Columbia Garage Corp.*, 93 Civ 5276, 1995 U.S. Dist. LEXIS 5824, at *7 (S.D.N.Y. Apr. 28, 1995) (noting that plaintiff's use of the "'leave and mail' method was ineffective because plaintiff did not file proof of service with the clerk of the court within 20 days of the date on which her process server allegedly mailed a copy of the summons and complaint to [defendant's] place of business . . . .").

For the above reasons, plaintiff's claims against the Individual Defendants should be dismissed due to plaintiff's failure to effect proper service. *See Pope*, 2005 U.S. Dist. LEXIS 4011, at *50-51 ("[b]ecause failure to file proof of service is a jurisdictional defect . . . all claims against [defendant] are dismissed due to insufficient service of process"); F.R.C.P. 12(b)(5).

## II. PLAINTIFF HAS NOT – AND CANNOT – COMPLETE SERVICE WITHIN THE TIME LIMIT PRESCRIBED BY F.R.C.P. 4(m)

Plaintiff's claims against the Individual Defendants also should be dismissed for a wholly separate and independent reason: plaintiff has failed to complete service within the 120-day limit prescribed by F.R.C.P. 4(m).

Indeed, even assuming *arguendo*, that plaintiff were to file proof of service at this late juncture, service would not be complete within 120 days of the filing of the Complaint (*i.e.*, by June 6, 2008). This is because under the "leave and mail" service method, service is only complete ten (10) days *after* proof of service is filed with the Court. *See* N.Y. C.P.L.R. § 308(2). For this reason, plaintiff simply cannot complete service within the time limit prescribed by F.R.C.P. 4(m).

6

Indeed, as set forth in the rule itself, courts have dismissed cases for failure to serve process within the 120-day limit. *See* F.R.C.P. 4(m) (noting that in the event of plaintiff's failure to serve within 120 days, "the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time."); *Miller v. Lawrence*, 05 Civ. 6088, 2006 U.S. Dist. LEXIS 103 at *4, (S.D.N.Y. Jan. 3, 2006); *Moultry v. City of Poughkeepsie*, 154 F. Supp. 2d 809, 813 (S.D.N.Y. 2001) ("Plaintiff failed to effect proper service on individual defendants . . . within the 120 day period set forth by Fed. R. Civ. P. 4(m). Because plaintiff has failed to demonstrate to this Court good cause for its failure to properly serve (or attempt to correct service to) the individual defendants, the case is dismissed as to them for lack of personal jurisdiction without prejudice."); *Ogbo v. New York State Dep't of Taxation & Fin.*, 99 CV 9387, 2000 U.S. Dist. LEXIS 12848 at *6-7 (S.D.N.Y. Sept. 6, 2000), *aff'd*, 45 Fed. Appx. 58 (2d Cir. 2002).

Moreover, while courts are permitted by F.R.C.P. 4(m) to grant an extension of time to serve a complaint under certain circumstances, such an extension clearly is not proper here. Unlike some failures to serve – based, for example, on the inability to locate a defendant's residence despite diligent effort – here, there is no valid excuse for failure to timely serve the Individual Defendants. Plaintiff and his counsel located the Individual Defendants, and left and mailed copies of the summons and Complaint, yet simply failed to take the final (and necessary) step to perfect service. Indeed, it is well settled that "inadvertence or neglect is not a valid basis for a good cause extension" under F.R.C.P. 4(m). *Spinale v. United States, et al.,* 03 Civ. 1704, 2005 U.S. Dist. LEXIS 4608 at *7-14 (S.D.N.Y. March 16, 2005); *see also AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt.*, L.P., 197 F.R.D. 104, 108 (S.D.N.Y. 2000); *Myers v. Secretary of Treasury*, 173 F.R.D. 44, 47 (E.D.N.Y. 1997). Moreover, further delay would

unduly prejudice the Individual Defendants, who have not been party to this action for the four months that this case has been pending. As plaintiff is aware, discovery is well underway and is scheduled to close in approximately two months. Under these circumstances, the Individual Defendants would clearly be prejudiced by an extension of the 120-day limit for plaintiff to properly serve the summons and Complaint.

## CONCLUSION

For each of the foregoing reasons, the Individual Defendants respectfully request that the Court grant this motion and enter an order dismissing Plaintiff's Complaint as against them pursuant to F.R.C.P. 12(b)(2) and 12(b)(5), and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       June 4, 2008

Respectfully submitted,

By: _____
Richard J. Rabin (RR-0037)
Evandro C. Gigante (EG-7402)
AKIN GUMP STRAUSS HAUER & FELD LLP
590 Madison Avenue
New York, New York 10022
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Email: rrabin@akingump.com
       egigante@akingump.com

*Attorneys for Defendants Thomas Cleary and Jillian Dedier*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
KEITH MURRAY,                                                  :
                                                               :
        Plaintiff,                                       :   NO. 08-CV-02160 (LAK)
                  -against-                             :
                                                               :
UNITED PARCEL SERVICE OF AMERICA, INC.,                        :
UNITED PARCEL SERVICE, INC., UNITED                            :
PARCEL SERVICE CO., THOMAS CLEARY AND                          :
JILLIAN DEDIER,                                                :
                                                               :
                              Defendants.        x
--------------------------------------------------------------

## CERTIFICATE OF SERVICE

I, Evandro C. Gigante, hereby certify that on June 4, 2008, I caused true and correct copies of the following :

1. Notice of Motion

2. Affidavit of Thomas Cleary

3. Affidavit of Jillian Dedier

4. Declaration of Evandro C. Gigante, Esq.

5. Memorandum of Law on Behalf of Defendants Thomas Cleary and Jillian Dedier in Support of Motion to Dismiss to Complaint Under Fed. R. Civ. P. 12(b)(2) and (12)(b)(5)

to be served via United Parcel Service Overnight Delivery upon the following:

        Adam Richards
        ADAM RICHARDS LLC
        40 Fulton Street, 7th Floor
        New York, New York  10038
        *Attorney for Plaintiff*

Dated: New York, New York
      June 4, 2008

By: _____
Evandro C. Gigante (EG-7402)
AKIN GUMP STRAUSS HAUER & FELD LLP
590 Madison Avenue
New York, New York 10022
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Email: egigante@akingump.com

*Attorneys for Defendants Thomas Cleary and Jillian Dedier*