ADAM RICHARDS LLC
Adam Richards (AR-2489)
40 Fulton Street, 7th Floor
New York, New York 10038
Telephone: (212) 233-4400
adam@arichardslaw.com

Attorneys for Plaintiff Keith Murray

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH MURRAY,<br><br>                             Plaintiff,<br><br>- against -<br><br>UNITED PARCEL SERVICE OF AMERICA, INC., UNITED PARCEL SERVICE, INC., UNITED PARCEL SERVICE CO., THOMAS CLEARY and JILLIAN DEDIER,<br><br>                             Defendants. | **Index No. 08 CV 02160 (LAK)(DFE)** |

**DECLARATION IN SUPPORT OF MOTION TO COMPEL
PRODUCTION OF THE IDENTITY OF A MATERIAL WITNESS**

I, ADAM RICHARDS, declare as follows:

1. I represent Plaintiff Keith Murray in the above-captioned action. I submit this declaration in support of Plaintiff's motion brought pursuant to Fed. R. Civ. P. 37 and the Individual Rules of Practice of this Court to compel Defendants United Parcel Service, Inc., United Parcel Service of America, Inc. and United Parcel Service Co., (collectively, the "UPS Defendants") to produce the identity of a material witness in this case without pre-conditions and for costs pursuant to Fed. R. Civ. P. 37 (c) (1). I have personal knowledge of the facts and circumstances set forth herein.

2. On June 19, 2008, almost two months after the parties had exchanged Initial Disclosures in this case, several weeks after a protective order had been negotiated, agreed to, and so-ordered by this Court and less than two business days before the scheduled deposition of Plaintiff, the UPS Defendants disclosed to Plaintiff the existence of a key witness designated by the UPS Defendants as an alleged "Confidential Informant." Apparently, the Confidential Informant played a significant role in the UPS Defendants' internal investigation into Plaintiff's package delivery procedures while he was employed by UPS. That investigation resulted in Plaintiff's false arrest and false imprisonment. Without providing any justification, the UPS Defendants refused (and continue to refuse) to provide the name of the "Confidential Informant" without insisting upon onerous pre-conditions. Plaintiff therefore respectfully requests that this motion be granted, that the Court order the UPS Defendants to produce to Plaintiff the identity of the alleged "Confidential Informant" without pre-conditions and that Plaintiff be granted the costs, including reasonable attorneys' fees, incurred in bringing this unnecessary motion.

3. This is an action for, *inter alia*, false arrest, false imprisonment and malicious prosecution. A copy of Plaintiff's First Amended Complaint is annexed hereto as Exhibit A. Briefly, Plaintiff was employed as a package delivery driver for UPS. At some point during his employment, UPS, through its internal security department began an investigation into Plaintiff's delivery practices. Allegedly, central to this investigation was a tip, or tips, received from the Confidential Informant at issue on this motion. UPS claimed, and continues to claim here, that Plaintiff was involved in a "cell phone scam" involving the sale of "fraudulently ordered" cell-phones from his truck.[1] The investigation concluded on February 2, 2007, when Plaintiff was taken from his Washington Heights delivery route by a number of UPS Security Department employees, taken to UPS Headquarters, was forced to resign under false pretenses, was deceived into signing a waiver of union representation and arrested on the spot. Plaintiff was unable to post bail and was imprisoned in the Manhattan Detention Complex ("the Tombs"). After an Administrative Law Judge had found after a hearing that Plaintiff had not engaged in any misconduct (much less behavior worthy of arrest and imprisonment), the criminal case against Plaintiff was sealed and dismissed (Mella, J.) in Plaintiff's favor pursuant to NYCPL §160.50 on August 23, 2007.

4. The UPS Defendants noticed Plaintiff's deposition for Monday June 23, 2008. Just prior to that, on Thursday, June 19, the UPS Defendants served Supplemental Initial Disclosures, attached hereto as Exhibit B, along with documents, document request responses and interrogatory responses. For the first time in this action, the Supplemental Initial Disclosures disclosed an alleged "Confidential Informant" as the name of a

---

[1] At the time of submission, neither Plaintiff nor the undersigned possess any knowledge of the details of this alleged scam.

3

material witness. As set forth in the Supplemental Initial Disclosures, the UPS Defendants refused to provide the identity of this person without an "appropriate protective order."

5. Initial Disclosures had been exchanged almost two months earlier on April 25, 2008 pursuant to the Consent Scheduling Order in this case. A Protective Order been negotiated and entered into several weeks earlier. The UPS Defendants clearly could have, and should have, disclosed the existence of the Confidential Informant earlier in the case. Indeed, the investigation of Plaintiff was run internally at UPS and headed by UPS employees. Therefore, the UPS Defendants cannot conceivably claim that they learned of the Confidential Informant just two days prior to Plaintiff's deposition. Certainly, no such claim has been made to me during the attempts to resolve this issue.

6. The day I received the Supplemental Initial Disclosures, I demanded that counsel provide a proposed protective order. See Exhibit C, attached hereto. The next day, the last day prior to Plaintiff's deposition, when no protective order was forthcoming, I advised counsel for the UPS Defendants of the adjournment of Plaintiff's deposition. A letter dated June 20, 2008 sent to counsel for the UPS Defendants explains the reasons for adjourning the deposition and is attached hereto as Exhibit D.

7. On June 24, 2008, the UPS Defendants provided a proposed protective order. See Exhibit E, annexed hereto. The Order provided for disclosure of the identity of the alleged confidential informant on condition that (a) during depositions and at trial, UPS witnesses "will not be asked (and will not be required) to identify the Confidential Informant by name, or other identifying means;" and (b) that during the course of deposition or trial testimony given by UPS witnesses, "such informant shall be referred to

only as the 'Confidential Informant.'" I advised counsel that Plaintiff would agree to not disclose the name of the witness outside the scope of the case and that the appropriate conditions could and should track the language of the protective order already agreed to and entered in this case. However, Plaintiff could not agree to the restrictive conditions proposed in the UPS Defendants' protective order.

8. On June 25, 2008, the UPS Defendants provided an amended proposed protective order. See Exhibit F, annexed hereto. The amended order contained the same conditions as set forth above. Again, I advised counsel that the proposed order was unacceptable. Ultimately, counsel for the UPS Defendants suggested that I raise the issue with the Court. This motion ensued.

9. As set forth above, I hereby certify pursuant to Fed. R. Civ. P. 37(a) (2)(A) that the undersigned has in good faith conferred or attempted to confer with counsel for the UPS Defendants on this matter in an effort to secure the disclosure of the identity of the Confidential Informant.

WHEREFORE, I respectfully request that this motion be granted, that the Court order the UPS Defendants to produce to Plaintiff the identity of the alleged "Confidential Informant" without pre-conditions and that Plaintiff be granted the costs incurred in bringing this motion.

I declare under the penalty of perjury under the laws of the United States of America and the State of New York that the foregoing is true and correct and that this Declaration was executed in New York, New York on July 2, 2008.

                                s/ Adam Richards
                                _____
                                Adam Richards