Richard J. Rabin (RR-0037)
Evandro C. Gigante (EG-7402)
AKIN GUMP STRAUSS HAUER & FELD LLP
590 Madison Avenue
New York, New York 10022
(212) 872-1000 (tel)
(212) 872-1002 (fax)
E-mail: rrabin@akingump.com
egigante@akingump.com

*Attorneys for Defendants United Parcel Service, Inc., United Parcel Service of America, Inc. and United Parcel Service Co.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

KEITH MURRAY,

    Plaintiff,

    -against-

UNITED PARCEL SERVICE OF AMERICA, INC.,
UNITED PARCEL SERVICE, INC., UNITED
PARCEL SERVICE CO., THOMAS CLEARY AND
JILLIAN DEDIER,

    Defendants.

---------------------------------------------------------------x

INDEX NO. 08-CV-02160 (LAK)

**SUPPLEMENTAL INITIAL DISCLOSURES OF DEFENDANTS UNITED PARCEL SERVICE, INC., UNITED PARCEL SERVICE OF AMERICA, INC. AND UNITED PARCEL SERVICE CO.**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendants United Parcel Service, Inc., United Parcel Service of America, Inc. and United Parcel Service Co. (collectively, "UPS"), by and through their attorneys, Akin Gump Strauss Hauer & Feld LLP, hereby provide their supplemental initial disclosures to Plaintiff Keith Murray ("Plaintiff" or "Murray").

General Statement

    1.    By providing information pursuant to any provision of Federal Rule of Civil Procedure 26(a)(1), UPS does not concede the materiality of the subject to which it refers.

UPS's responses are made expressly subject to, and without waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the information produced or identified in any proceeding, including the trial of this action or any subsequent proceeding.

2. UPS objects to the provisions of Rule 26(a)(1) to the extent that they demand information that is protected by the attorney-client or work product privilege.

3. Identification of any document that is privileged or is otherwise immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of UPS's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4. UPS is continuing to search for documents and information relevant to this litigation, and therefore reserves the right to supplement or amend its responses to each provision of Rule 26(a)(1), if necessary. UPS also reserves the right to object to the future disclosure of any such documents and/or information.

A. <u>Individuals Likely to Have Discoverable Information</u>

UPS identifies the following individuals who are likely to have discoverable information that UPS may use to support its claims or defenses. This list reflects information reasonably available to UPS at present. UPS reserves the right to supplement this information if additional or different information is obtained.

The following individuals are likely to have information concerning one or more of the following subjects: (1) Plaintiff's job responsibilities, duties and training as a UPS Driver; (2)

UPS's package delivery policies and procedures; (3) UPS's investigation into Plaintiff's package delivery practices; and (4) other relevant facts relating to Plaintiff's resignation from UPS.

1. Thomas Cleary
   UPS
   643 W.43rd Street
   New York, NY 10036
   Mr. Cleary may be contacted through UPS's counsel.

2. Jillian Dedier
   UPS
   643 W.43rd Street
   New York, NY 10036
   Ms. Dedier may be contacted through UPS's counsel.

3. Ralph Cotter
   UPS
   49-10 27th Street
   Long Island City, NY 11101
   Mr. Cotter may be contacted through UPS's counsel.

4. Michael Abatiello
   UPS
   643 W. 43rd Street
   New York, NY 10036
   Mr. Abatiello may be contacted through UPS's counsel

5. John Minogue
   UPS
   643 W.43rd Street
   New York, NY 10036
   Mr. Minogue may be contacted through UPS's counsel.

6. Clyde Brathwaite
   UPS
   4215 Boston Post Road
   Pelham, NY 10803
   Mr. Brathwaite may be contacted through UPS's counsel

7. Confidential Informant (whose identity will be disclosed pursuant to an appropriate protective order)

8. Roy C. Radzinsky, Jr.
   Grid Investigations

>     600 Old Country Road, Suite 300
>     Garden City, NY 11530

9.  Joseph Daley
    Grid Investigations
    600 Old Country Road, Suite 300
    Garden City, NY 11530

10. John Enyart
    Sprint
    6180 Sprint Parkway
    Overland Park, KS 66251

11. Mark Conner
    Asurion Insurance Services
    8880 Ward Parkway
    Kansas City, MO 64114

12. Gary Lenz
    Formerly employed by Sprint
    Current address unknown

13. Kourosh Aliha
    Sprint
    565 Taxter Road
    Elmsford, NY 10523

14. Officer Theresa Figueroa
    NYPD
    Manhattan North Grand Larceny Unit
    530 W. 126th Street
    New York, NY 10027

15. Lieutenant Frank Zanieri
    NYPD
    Manhattan North Grand Larceny Unit
    530 W. 126th Street
    New York, NY 10027

B.  <u>Documents Relevant to Disputed Facts Alleged in Pleadings</u>

UPS identifies the following categories of documents, described below, as documents that may be used to support its claims or defenses. Portions of these categories of documents may consist of confidential information, including information that is the subject of this lawsuit,

4

and may therefore necessitate entry of an appropriate protective order or agreement prior to their production. Again, this information reflects information reasonably available to UPS at this time, and UPS reserves the right to supplement this information if additional or different information is obtained.

UPS makes claims of privilege as to all communications between itself and its attorneys (attorney-client privilege), as well as to all documents created in reasonable anticipation of litigation (trial preparation, attorney work product, party communications, and witness statements), and all other applicable doctrines of privilege and work product. The categories of documents that UPS may use to support its claims or defenses are the following:

1. Documents relating to Plaintiff's employment with, and his resignation from, UPS.

2. Documents and other materials relating to the investigation of Plaintiff's package delivery practices and suspected involvement in a scheme to steal cellular phones.

C. Computation of Damages

Not applicable.

D. Insurance Agreement

There is no insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy such judgment.

Dated: June 18, 2008
New York, New York

By: _____
Richard J. Rabin (RR-0037)
Evandro C. Gigante (EG-7402)
AKIN GUMP STRAUSS HAUER & FELD LLP
590 Madison Avenue
New York, New York 10022
(212) 872-1000 (tel)
(212) 872-1002 (fax)
E-mail: rrabin@akingump.com
　　　　　egigante@akingump.com

*Attorneys for Defendants United Parcel Service, Inc., United Parcel Service of America, Inc. and United Parcel Service Co.*