ADAM RICHARDS LLC
Adam Richards (AR-2489)
40 Fulton Street, 7th Floor
New York, New York 10038
Telephone: (212) 233-4400
adam@arichardslaw.com

Attorneys for Plaintiff Keith Murray

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH MURRAY,<br><br>                    Plaintiff,<br><br>   - against -<br><br>UNITED PARCEL SERVICE OF AMERICA, INC.,<br>UNITED PARCEL SERVICE, INC., UNITED<br>PARCEL SERVICE CO., THOMAS CLEARY and<br>JILLIAN DEDIER,<br><br>                    Defendants. | **Index No. 08 CV 02160**<br>**(LAK)(DFE)** |

## DECLARATION IN SUPPORT OF MOTION TO COMPEL
## PRODUCTION OF THE IDENTITY OF A MATERIAL WITNESS

I, ADAM RICHARDS, declare as follows:

    1. I represent Plaintiff Keith Murray in the above-captioned action.    I submit this declaration in support of Plaintiff's motion brought pursuant to Fed. R. Civ. P. 37 and the Individual Rules of Practice of this Court to compel Defendants United Parcel Service, Inc., United Parcel Service of America, Inc. and United Parcel Service Co., (collectively, the "UPS Defendants") to produce the identity of a material witness in this case without pre-conditions and for costs pursuant to Fed. R. Civ. P. 37 (c) (1). I have personal knowledge of the facts and circumstances set forth herein.

    2. On June 19, 2008, almost two months after the parties had exchanged Initial Disclosures in this case, several weeks after a protective order had been negotiated, agreed to, and so-ordered by this Court and less than two business days before the scheduled deposition of Plaintiff, the UPS Defendants disclosed to Plaintiff the existence of a key witness designated by the UPS Defendants as an alleged "Confidential Informant." Apparently, the Confidential Informant played a significant role in the UPS Defendants' internal investigation into Plaintiff's package delivery procedures while he was employed by UPS. That investigation resulted in Plaintiff's false arrest and false imprisonment. Without providing any justification, the UPS Defendants refused (and continue to refuse) to provide the name of the "Confidential Informant" without insisting upon onerous pre-conditions. Plaintiff therefore respectfully requests that this motion be granted, that the Court order the UPS Defendants to produce to Plaintiff the identity of the alleged "Confidential Informant" without pre-conditions and that Plaintiff be granted the costs, including reasonable attorneys' fees, incurred in bringing this unnecessary motion.

3. This is an action for, *inter alia*, false arrest, false imprisonment and malicious prosecution. A copy of Plaintiff's First Amended Complaint is annexed hereto as Exhibit A. Briefly, Plaintiff was employed as a package delivery driver for UPS. At some point during his employment, UPS, through its internal security department began an investigation into Plaintiff's delivery practices. Allegedly, central to this investigation was a tip, or tips, received from the Confidential Informant at issue on this motion. UPS claimed, and continues to claim here, that Plaintiff was involved in a "cell phone scam" involving the sale of "fraudulently ordered" cell-phones from his truck.[1]    The investigation concluded on February 2, 2007, when Plaintiff was taken from his Washington Heights delivery route by a number of UPS Security Department employees, taken to UPS Headquarters, was forced to resign under false pretenses, was deceived into signing a waiver of union representation and arrested on the spot. Plaintiff was unable to post bail and was imprisoned in the Manhattan Detention Complex ("the Tombs"). After an Administrative Law Judge had found after a hearing that Plaintiff had not engaged in any misconduct (much less behavior worthy of arrest and imprisonment), the criminal case against Plaintiff was sealed and dismissed (Mella, J.) in Plaintiff's favor pursuant to NYCPL §160.50 on August 23, 2007.

4. The UPS Defendants noticed Plaintiff's deposition for Monday June 23, 2008. Just prior to that, on Thursday, June 19, the UPS Defendants served Supplemental Initial Disclosures, attached hereto as Exhibit B, along with documents, document request responses and interrogatory responses. For the first time in this action, the Supplemental Initial Disclosures disclosed an alleged "Confidential Informant" as the name of a

---

[1] At the time of submission, neither Plaintiff nor the undersigned possess any knowledge of the details of this alleged scam.

material witness.    As set forth in the Supplemental Initial Disclosures, the UPS Defendants refused to provide the identity of this person without an "appropriate protective order."

5.    Initial Disclosures had been exchanged almost two months earlier on April 25, 2008 pursuant to the Consent Scheduling Order in this case.  A Protective Order been negotiated and entered into several weeks earlier.  The UPS Defendants clearly could have, and should have, disclosed the existence of the Confidential Informant earlier in the case.  Indeed, the investigation of Plaintiff was run internally at UPS and headed by UPS employees.  Therefore, the UPS Defendants cannot conceivably claim that they learned of the Confidential Informant just two days prior to Plaintiff's deposition.  Certainly, no such claim has been made to me during the attempts to resolve this issue.

6.    The day I received the Supplemental Initial Disclosures, I demanded that counsel provide a proposed protective order.  See Exhibit C, attached hereto.  The next day, the last day prior to Plaintiff's deposition, when no protective order was forthcoming, I advised counsel for the UPS Defendants of the adjournment of Plaintiff's deposition.  A letter dated June 20, 2008 sent to counsel for the UPS Defendants explains the reasons for adjourning the deposition and is attached hereto as Exhibit D.

7.    On June 24, 2008, the UPS Defendants provided a proposed protective order.  See Exhibit E, annexed hereto.  The Order provided for disclosure of the identity of the alleged confidential informant on condition that (a) during depositions and at trial, UPS witnesses "will not be asked (and will not be required) to identify the Confidential Informant by name, or other identifying means;" and (b) that during the course of deposition or trial testimony given by UPS witnesses, "such informant shall be referred to

4

only as the 'Confidential Informant.'" I advised counsel that Plaintiff would agree to not disclose the name of the witness outside the scope of the case and that the appropriate conditions could and should track the language of the protective order already agreed to and entered in this case. However, Plaintiff could not agree to the restrictive conditions proposed in the UPS Defendants' protective order.

8.    On June 25, 2008, the UPS Defendants provided an amended proposed protective order. See Exhibit F, annexed hereto. The amended order contained the same conditions as set forth above. Again, I advised counsel that the proposed order was unacceptable. Ultimately, counsel for the UPS Defendants suggested that I raise the issue with the Court. This motion ensued.

9.    As set forth above, I hereby certify pursuant to Fed. R. Civ. P. 37(a) (2)(A) that the undersigned has in good faith conferred or attempted to confer with counsel for the UPS Defendants on this matter in an effort to secure the disclosure of the identity of the Confidential Informant.

WHEREFORE, I respectfully request that this motion be granted, that the Court order the UPS Defendants to produce to Plaintiff the identity of the alleged "Confidential Informant" without pre-conditions and that Plaintiff be granted the costs incurred in bringing this motion.

I declare under the penalty of perjury under the laws of the United States of America and the State of New York that the foregoing is true and correct and that this Declaration was executed in New York, New York on July 2, 2008.

                            s/ Adam Richards
                            _____
                            Adam Richards

5

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

KEITH MURRAY,

                                        Plaintiff,

        - against -

UNITED PARCEL SERVICE OF AMERICA, INC.,
UNITED PARCEL SERVICE, INC., UNITED
PARCEL SERVICE CO., THOMAS CLEARY and
JILLIAN DEDIER,

                                        Defendants.

---

Index No. 300850/08

**FIRST AMENDED COMPLAINT**

Plaintiff Keith Murray ("Plaintiff"), by his attorneys Adam Richards, LLC, as and

for his Complaint in this action hereby alleges as follows:

## PARTIES

1. At all times hereinafter mentioned, Plaintiff was and still is a resident of the

County of Bronx, State of New York, residing at 2116 Crotona Parkway, #3D, Bronx,

New York 10460.

2. At all times hereinafter mentioned, Defendant United Parcel Service of America,

Inc. was and still is a corporation existing under and by virtue of the laws of the State of

Delaware.

3. At all times hereinafter mentioned, Defendant United Parcel Service, Inc. was and

still is a corporation existing under and by virtue of the laws of the State of New York.

4. At all times hereinafter mentioned, Defendant United Parcel Service Co. was and

still is a corporation existing under and by virtue of the laws of the State of Delaware

(collectively, each of the United Parcel Service entities named herein are hereinafter

referred to as "UPS").

5.   At all times hereinafter mentioned, UPS maintained numerous places of business within the State of New York.

6.   At all times hereinafter mentioned, UPS owned, used or possessed real property situated within the State of New York.

7.   At all times hereinafter mentioned, UPS derived substantial revenue from doing business within the State of New York.

8.   At all times hereinafter mentioned, upon information and belief, Defendant Thomas Cleary ("Cleary") was employed by UPS as Head of Loss Prevention Services.

9.   At all times hereinafter mentioned, upon information and belief, Defendant Jillian Dedier ("Dedier") was employed by UPS in its Loss Prevention Services Department.

## FACTS RELEVANT TO ALL CLAIMS

### Background

10.      In or around the summer of 2004, Plaintiff began employment with UPS as a Package Delivery Driver.  One of the delivery routes assigned to Plaintiff was in the Washington Heights section of Manhattan (the "Washington Heights Route").

11. Plaintiff's supervisors and managers repeatedly emphasized to Plaintiff the importance of becoming friendly with the superintendents, superintendent helpers and porters employed at the buildings on his route and using their assistance to deliver packages to customers on the Washington Heights Route.

12. One such building employee on Plaintiff's route was an individual named Jose Beato, a superintendent's helper for the buildings located at 550, 552 and 554 West 188th Street.  Over time, Plaintiff became friendly with Beato and, with the approval of his

2

supervisors and UPS management, began using his assistance to deliver packages to the buildings where Beato worked.

**The Flawed UPS Investigation**

13. Upon information and belief, sometime in late 2006, UPS undertook an internal investigation concerning allegations that fraudulently ordered cell phones were being delivered by UPS drivers on their routes (the "UPS Investigation").

14. Upon information and belief, as Head of UPS' Loss Prevention Unit, Defendant Cleary was appointed by UPS to oversee and manage the UPS Investigation.

15. On February 2, 2007, between 10 a.m. and 11 a.m., Cleary and several other individuals surrounded Plaintiff in his delivery truck while he was on his route on 188th Street. Cleary identified himself to Plaintiff as Head of the UPS Loss Prevention Unit. Cleary advised Plaintiff that an investigation was ongoing, demanded that Plaintiff accompany him to UPS headquarters on 42nd Street in Manhattan to assist UPS in its investigation and demanded that Plaintiff hand over his personal cell-phone, stating to Plaintiff that he did not want Plaintiff to contact anyone about the investigation.

16. Plaintiff peacefully and amicably complied with Cleary's requests, handed over his personal cell-phone to Cleary and accompanied Cleary to UPS headquarters.

17. Upon arriving at UPS headquarters at 42nd Street in Manhattan, Plaintiff was accompanied to an office where he was interviewed by Cleary and Defendant Dedier, another representative of UPS.

18. During the interview, Cleary showed Plaintiff a photograph of Beato and asked if Plaintiff recognized him. Plaintiff explained that he knew him as a "super-helper" at certain of the buildings on his route and that Plaintiff's supervisors had encouraged

Plaintiff to "get to know the neighborhood," especially individuals such as Beato, in order to help meet his delivery targets. Cleary then asked Plaintiff what he knew about the delivery of fraudulently ordered cell phones. Plaintiff told Cleary that he knew nothing about such phones.

19. Cleary then asked Plaintiff to write a statement explaining how he knew Beato. In his own hand, Plaintiff wrote a three (3) page statement setting forth, *inter alia*, that he was a cover driver that worked on the Washington Heights Route, that he had come to know Baeto on his route as a "super-helper," that in early 2006 he had contacted Ralph Carter, his supervisor, to express his discomfort about the fact that Beato was signing packages for many different people, that Plaintiff had been advised by Carter not to worry about Baeto signing for packages and that Carter had expressed that Plaintiff should only be concerned with his delivery targets and reducing the amount of "send again" packages on his route.

20. After signing his written statement to this effect, Cleary became agitated and started acting aggressively and abusively toward Plaintiff making Plaintiff fearful for his safety. At this point in time, Plaintiff asked to be let out of the room but Cleary refused. Instead, Cleary demanded that Plaintiff either resign, in writing, for "personal reasons," or admit to felony grand larceny. At that point, Cleary presented Plaintiff with a number of forms, including a form of resignation, a form of waiver of union representation and a form wherein Plaintiff would have admitted to the crimes Cleary had accused him of.

21. Under the circumstances, with no lawyer present and with no union representation made available to him and fearing for his safety, Plaintiff had no option but to sign the written resignation placed before him by Cleary and Dedier.

4

22. Cleary and Dedier presented the form of union waiver to Plaintiff while representing to him that it was a part of his written resignation. The union waiver was not a part of Plaintiff's written resignation. Plaintiff was misled by Cleary and Dedier into signing the waiver of union representation.

23. Had Plaintiff known he was would be accused of a crime that he did not commit and/or be asked to resign his position he would not knowingly have agreed to accompany Cleary to the UPS offices on 42nd Street, would not have consented to being confined in a room with Cleary and Dedier, would not have waived his rights to union representation and would have asked for an attorney to be present.

**Plaintiff is Falsely Arrested and Wrongfully Imprisoned**

24. After being fraudulently induced into executing the written resignation and being misled into signing the union representation waiver, Cleary and Dedier left the interview room whereupon two (2) police officers of the New York City Police Department immediately entered the interview room and placed Plaintiff under arrest.

25. Plaintiff denied all knowledge of Cleary and Dedier's accusations of criminal activity. Defendants had no evidence of money or cell phones being exchanged between Plaintiff and Beato. Plaintiff had no prior criminal record warranting suspicion of criminal activity and had UPS, Cleary or Dedier spoken with Ralph Carter as part of their investigation, they would have learned that Plaintiff had previously raised concerns about Beato on more than one occasion. In view of this, and the facts set forth above, Plaintiff's arrest was made in bad faith and with malice by the Defendants.

26. Defendants affirmatively procured and/or instigated the arrest of Plaintiff.

27. Plaintiff was handcuffed and paraded out of the building in front of numerous other UPS employees, including some who had trained and worked with Plaintiff, causing Plaintiff to suffer embarrassment, humiliation and extreme emotional distress.

28. Upon exiting the UPS office building on 42nd Street, Plaintiff was marched to a police minivan parked directly outside the UPS offices. From there, Plaintiff was driven to a cell phone store on 181st Street whereupon one of the police officers retrieved from the store a number of cell phone packaging boxes.

29. From there, Plaintiff was driven to the Police Precinct at Broadway and 181st Street in Manhattan and placed in a holding cell with another individual whom Plaintiff later discovered to be the owner of the cell phone store from where the arresting officers had retrieved the cell-phone packaging boxes. Plaintiff was held in the holding cell for approximately one (1) hour.

30. From the holding cell, Plaintiff was taken to a police interview room where he was asked to identify a number of cell phones and was asked if he could identify the owner of a cell phone store that was represented to be on the Washington Heights Route. Plaintiff did not recognize the cell phones or the owner of the cell phone store. Plaintiff was also asked if he had received money for the cell-phones from Beato. Plaintiff stated that he had not. During the interview, Plaintiff at all times maintained his innocence of the crimes of which he was being accused. At no time did Plaintiff confess to the commission of any crime.

31. From the interview room, Plaintiff was again taken to the holding cell in the precinct and was held there for approximately four (4) more hours.

32. Later, during the evening of February 2, 2007, Plaintiff was taken from the police precinct at 181st Street to the Manhattan Detention Complex, otherwise known as "the Tombs" where he underwent a strip search.

33. For approximately the next 24 hours, Plaintiff was placed in and transferred between "pens," prison cells containing numerous other prisoners, some of whom, upon information and belief, were violent offenders.

34. On February 3, 2007, The People of the State of New York filed a Felony Complaint against Plaintiff. In the Complaint Plaintiff, and two other individuals, were accused of Grand Larceny in the Third Degree pursuant to New York Penal Law §155.35.

35. On February 3, 2007, Plaintiff was arraigned. The Manhattan District Attorney's office demanded that bail be set at $5,000. The Court ultimately set bail at $1500.

36. At the arraignment, the District attorney's Office represented to Plaintiff's Legal Aid lawyer that Plaintiff had confessed to the crimes of which he had been accused to another UPS driver.

37. No such confession was ever made by Plaintiff.

38. Plaintiff did not have the funds to post bail.

39. After the arraignment, Plaintiff was taken back to the Tombs, was given an AIDS test and a TB test and was assigned a prison cell. Plaintiff spent the next six (6) days imprisoned at the Tombs.

40. During his false imprisonment, Plaintiff was subjected to degrading, dehumanizing and emotionally destructive conditions.

41. On or about February 7, 2007, the sixth day of Plaintiff's imprisonment, Plaintiff's Legal Aid lawyer visited Plaintiff in prison and advised Plaintiff that the District Attorney had offered Plaintiff five (5) years of felony probation in return for a guilty plea.

42. Plaintiff's Legal Aid lawyer further advised Plaintiff that unless Plaintiff found someone who could post bail for him, he would remain in jail for the duration of the case if the District Attorney decided to proceed with the case. Plaintiff declined the District Attorney's plea offer.

43. Pursuant to NYCPL §180.80, on the final day of Plaintiff's wrongful imprisonment (six days after Plaintiff's arrest), the District Attorney's Office had to decide whether to present the case to a Grand Jury for indictment. Plaintiff's Legal Aid lawyer advised the Assistant District Attorney assigned to Plaintiff's case that Plaintiff would testify before the Grand Jury if the case was presented for indictment.

44. The District Attorney's Office decided not to present the case to the Grand Jury and did not seek any adjournment for further investigation of Plaintiff's case.

45. Accordingly, on February 8, 2007, at approximately 3:35 p.m., the Court released Plaintiff from incarceration.

**Plaintiff is Found Not to Have Committed Any Act of Misconduct
And the Criminal Case is Dismissed**

46. On July 27, 2007, a hearing was held before Administrative Law Judge Diane Dubiac at the New York State Department of Labor Unemployment Insurance Division concerning Plaintiff's right to receive unemployment benefits.

47. Administrative Law Judge Dubiac took evidence from both parties and heard testimony from Plaintiff and from Cleary on behalf of UPS, including testimony and evidence concerning Plaintiff's arrest, charge and imprisonment.

48. In a written decision dated July 30, 2007, ALJ Dubiac found as follows: "claimant [Plaintiff] did not commit such acts, on the record before me, I find that he committed no act of misconduct that resulted in his discharge. In reaching this decision, I do not find the employer's testimony that claimant violated the employer's delivery procedures to be significant as there was no testimony that claimant was discharged for such reason alone. Accordingly, I conclude that claimant is not subject to any disqualification and he is entitled to receive benefits. DECISION: The employer's objection is overruled."

49. On or about August 23, 2007, the criminal case against Plaintiff was sealed and dismissed (Mella, J.) in Plaintiff's favor pursuant to NYCPL §160.50.

50.        The events set forth above have inalterably changed Plaintiff's life for the worse. Plaintiff was detained against his will, was formally arrested and imprisoned. Plaintiff was subjected to degrading, dehumanizing and emotionally destructive conditions.

51.        Plaintiff was publicly shamed, disgraced, ridiculed, and humiliated and suffered damage to his reputation.

52.        Plaintiff has lost thousands of dollars in employment income and benefits, and has suffered permanent impairment of earning power.

9

53.     Plaintiff has developed a post traumatic stress disorder with complaints of anxiety, severe depression and guilt, crying spells, flashbacks of his incarceration in the Tombs, intrusive thoughts, nightmares, and severe insomnia.

54. Plaintiff has received psychiatric care since his release from the Tombs.

## AS AND FOR A FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983)

55.     Plaintiff repeats and realleges Paragraphs 1 through 54 of his Complaint as if fully set forth herein.

56.     The Defendants, and others named and unnamed herein, individually and in concert with one another, caused Plaintiff to be confined and falsely arrested.

57.     Defendants intended to confine, or to cause the confinement, of Plaintiff.

58.     Plaintiff was conscious of his confinement and did consent to it.

59.     Plaintiff's confinement was not otherwise privileged.

60.     Defendants, individually and in concert with each other, initiated and/or caused the initiation and continuation of criminal proceedings against Plaintiff.

61.     The initiation and continuation of the criminal prosecution resulted in Plaintiff being deprived of his liberty.

62.     There was no probable cause for the commencement or continuation of the criminal proceeding.

63.     Defendants acted with actual malice towards Plaintiff, with utter and deliberate indifference to and disregard for Plaintiff's rights under the Constitution and laws of the United States.

64.     The prosecution terminated in Plaintiff's favor.

10

65.    The aforesaid conduct of Defendants operated to deprive Plaintiff of his rights under the Constitution and the laws of the United States: (a) Not to be deprived of liberty or property or to be arrested, detained or imprisoned except upon probable cause to believe them guilty of a crime (Fourth and Fourteenth Amendments); (b) to timely disclose to appropriate law enforcement authorities and/or to the defense of all evidence favorable to the defense (Due Process Clauses of the Fifth and Fourteenth Amendments); (c) not to be arrested, indicted, prosecuted, detained or imprisoned through the use of false, fabricated, misleading, or inherently unreliable "evidence," or through the wrongful withholding of material evidence favoring the defendant – in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments, the right to Grand Jury indictment under the Fifth and Fourteenth Amendments, the right to a fair trial under the Fifth, Sixth and Fourteenth Amendments, the right to reasonable bail under the Fifth, Eight and Fourteenth Amendments, and the right to be free of unreasonable search and seizure and deprivation of liberty or property under the Fourth and Fourteenth Amendments.

66.    The foregoing violations of Plaintiff's federal constitutional rights by Defendants were a direct, proximate and substantial cause of Plaintiff's false arrest and imprisonment and malicious criminal prosecution.

67.    The foregoing violations of Plaintiff's rights amounted to Constitutional torts and were affected by actions taken under color of State law, and within the scope of the Defendant's employment and authority.

68.    Defendants committed the foregoing violations of Plaintiff's rights knowingly, intentionally, willfully and/or with deliberate indifference to Plaintiff's

constitutional rights or to the effect of such misconduct upon Plaintiff's constitutional rights.

69.     By reason of the foregoing, all the individual Defendants are liable to Plaintiff for violating, acting in concert to violate, aiding and abetting each other to violate and/or conspiring to violate, Plaintiff's federal constitutional rights, pursuant to 42 U.S.C. § 1983.

## AS AND FOR A SECOND CAUSE OF ACTION
### (State Law False Arrest and False Imprisonment)

70.     Plaintiff repeats and realleges Paragraphs 1 through 69 of his Complaint as if fully set forth herein.

71.     As a result of the flawed UPS Investigation, Defendants Cleary, Dedier and UPS affirmatively procured or instigated Plaintiff's arrest and imprisonment.

72.     On or about February 2, 2007, Cleary and Dedier, individually and while in the course and scope of their employment with UPS, falsely arrested and imprisoned Plaintiff without warrant, authority of law or probable cause therefore.

73.     That the acts constituting the false arrest and false imprisonment consisted in part of the following: unlawfully and intentionally detaining and confining Plaintiff against his will and without his consent; unlawfully and intentionally detaining and confining Plaintiff without privilege, probable cause, or valid legal process; unlawfully detaining and confining Plaintiff through the unlawful arrest of Plaintiff; unlawfully detaining and confining Plaintiff through the use of force; and committing such other acts resulting in the unlawful arrest and imprisonment of Plaintiff.

74.     Plaintiff was conscious of the false arrest and confinement.

12

moral and mental degradation, indignity and disgrace, injury to personal and business reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

84.    By reason of the foregoing, Plaintiff has been injured, and damaged in an amount which exceeds the jurisdiction of all lower courts having jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Negligence)

85.    Plaintiff repeats and realleges paragraphs 1 through 84 of his Complaint as if fully set forth herein.

86.    Cleary and Dedier, individually and in their official capacities as employees of UPS, were careless, reckless and negligent in conducting and performing their duties, including, in part, the negligent use of force in detaining and confining Plaintiff; and carelessly, recklessly and negligently conducting the UPS Investigation leading up to Plaintiff's arrest and confinement.

87.    That, as a direct, sole and proximate result of the carelessness, recklessness and negligence of Defendant UPS, its agents, servants and/or employees including Defendants Cleary and Dedier, Plaintiff was caused to and did sustain pain and suffering, humiliation and embarrassment, emotional and mental distress, inconvenience and loss of personal and business income.

88.    Plaintiff's injuries and damages were caused solely by reason of the culpable conduct of UPS, Cleary and Dedier, as stated herein, without any fault or negligence on the part of Plaintiff contributing hereto.

89.    By reason of the foregoing, Plaintiff has been injured, and damaged in an amount which exceeds the jurisdiction of all lower courts having jurisdiction.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Negligent Hiring, Training and Supervision)

90.     Plaintiff repeats and realleges paragraphs 1 through 89 of his Complaint as if fully set forth herein.

91.     UPS and Cleary were, at all times stated herein, in an employer-employee relationship.

92.     UPS and Dedier were, at all times stated herein, in an employer-employee relationship.

93.     Upon information and belief, UPS knew or should have known of Cleary's and Dedier's propensity for the type of conduct which caused Plaintiff's injuries as set forth herein prior to the occurrence of those injuries.

94.     The flawed UPS Investigation and the initial improper confinement and false arrest of Plaintiff occurred on UPS' premises.

95.     That, as a direct, sole and proximate result of the negligent supervision of Defendants Cleary and Dedier by Defendant UPS, Plaintiff was caused to and did sustain pain and suffering, humiliation and embarrassment, emotional and mental distress, inconvenience and loss of personal and business income.

96.     By reason of the foregoing, Plaintiff has been injured, and damaged in an amount which exceeds the jurisdiction of all lower courts having jurisdiction.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Punitive Damages)

97.     Plaintiff repeats and realleges paragraphs 1 through 96 of his Complaint as if fully set forth herein.

98.     Defendants' actions toward Plaintiff were wanton, malicious, reckless and were conducted with a conscious disregard of the rights of Plaintiff.

99.     An award of punitive damages in an amount which exceeds the jurisdiction of all lower courts having jurisdiction is appropriate here.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

I.      For compensatory damages in an amount which exceeds the jurisdiction of all lower courts having jurisdiction.

II.     For an award of punitive damages.

III.    For reasonable attorney's fees, together with costs and disbursements pursuant to 42 U.S.C. § 1988 and the inherent powers of this Court.

IV.     For pre-judgment interest as allowed by law.

V.      For such other and further relief as this Court deems just and proper.

Dated: New York, New York
       February 7, 2008

                    Respectfully submitted,

                    ADAM RICHARDS LLC

                    By: _____
                    Adam Richards
                    Attorneys for Plaintiff
                    Keith Murray
                    40 Fulton Street, 7th Floor
                    New York, New York 10038
                    (212) 233 4400

16

# EXHIBIT B

Richard J. Rabin (RR-0037)
Evandro C. Gigante (EG-7402)
AKIN GUMP STRAUSS HAUER & FELD LLP
590 Madison Avenue
New York, New York 10022
(212) 872-1000 (tel)
(212) 872-1002 (fax)
E-mail: rrabin@akingump.com
        egigante@akingump.com

*Attorneys for Defendants United Parcel Service,
Inc., United Parcel Service of America, Inc. and
United Parcel Service Co.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

KEITH MURRAY,                                    :

                    Plaintiff,                   :   INDEX NO. 08-CV-02160 (LAK)

            -against-                            :   **SUPPLEMENTAL INITIAL**
                                                 :   **DISCLOSURES OF**
UNITED PARCEL SERVICE OF AMERICA, INC.,          :   **DEFENDANTS UNITED PARCEL**
UNITED PARCEL SERVICE, INC., UNITED              :   **SERVICE, INC., UNITED PARCEL**
PARCEL SERVICE CO., THOMAS CLEARY AND            :   **SERVICE OF AMERICA, INC. AND**
JILLIAN DEDIER,                                  :   **UNITED PARCEL SERVICE CO.**
                                                 :
                    Defendants.                  :

------------------------------------------------------------------ x

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendants United

Parcel Service, Inc., United Parcel Service of America, Inc. and United Parcel Service Co.

(collectively, "UPS"), by and through their attorneys, Akin Gump Strauss Hauer & Feld LLP,

hereby provide their supplemental initial disclosures to Plaintiff Keith Murray ("Plaintiff" or

"Murray").

General Statement

1.      By providing information pursuant to any provision of Federal Rule of Civil

Procedure 26(a)(1), UPS does not concede the materiality of the subject to which it refers.

UPS's responses are made expressly subject to, and without waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the information produced or identified in any proceeding, including the trial of this action or any subsequent proceeding.

      2.     UPS objects to the provisions of Rule 26(a)(1) to the extent that they demand information that is protected by the attorney-client or work product privilege.

      3.     Identification of any document that is privileged or is otherwise immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of UPS's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

      4.     UPS is continuing to search for documents and information relevant to this litigation, and therefore reserves the right to supplement or amend its responses to each provision of Rule 26(a)(1), if necessary. UPS also reserves the right to object to the future disclosure of any such documents and/or information.

A.    <u>Individuals Likely to Have Discoverable Information</u>

      UPS identifies the following individuals who are likely to have discoverable information that UPS may use to support its claims or defenses. This list reflects information reasonably available to UPS at present. UPS reserves the right to supplement this information if additional or different information is obtained.

      The following individuals are likely to have information concerning one or more of the following subjects: (1) Plaintiff's job responsibilities, duties and training as a UPS Driver; (2)

2

UPS's package delivery policies and procedures; (3) UPS's investigation into Plaintiff's package delivery practices; and (4) other relevant facts relating to Plaintiff's resignation from UPS.

1.    Thomas Cleary
      UPS
      643 W.43rd Street
      New York, NY 10036
      Mr. Cleary may be contacted through UPS's counsel.

2.    Jillian Dedier
      UPS
      643 W.43rd Street
      New York, NY 10036
      Ms. Dedier may be contacted through UPS's counsel.

3.    Ralph Cotter
      UPS
      49-10 27th Street
      Long Island City, NY 11101
      Mr. Cotter may be contacted through UPS's counsel.

4.    Michael Abatiello
      UPS
      643 W. 43rd Street
      New York, NY 10036
      Mr. Abatiello may be contacted through UPS's counsel

5.    John Minogue
      UPS
      643 W.43rd Street
      New York, NY 10036
      Mr. Minogue may be contacted through UPS's counsel.

6.    Clyde Brathwaite
      UPS
      4215 Boston Post Road
      Pelham, NY 10803
      Mr. Brathwaite may be contacted through UPS's counsel

7.    Confidential Informant (whose identity will be disclosed pursuant to an appropriate protective order)

8.    Roy C. Radzinsky, Jr.
      Grid Investigations

3

600 Old Country Road, Suite 300
Garden City, NY 11530

9.   Joseph Daley
     Grid Investigations
     600 Old Country Road, Suite 300
     Garden City, NY 11530

10.  John Enyart
     Sprint
     6180 Sprint Parkway
     Overland Park, KS 66251

11.  Mark Conner
     Asurion Insurance Services
     8880 Ward Parkway
     Kansas City, MO 64114

12.  Gary Lenz
     Formerly employed by Sprint
     Current address unknown

13.  Kourosh Aliha
     Sprint
     565 Taxter Road
     Elmsford, NY 10523

14.  Officer Theresa Figueroa
     NYPD
     Manhattan North Grand Larceny Unit
     530 W. 126th Street
     New York, NY 10027

15.  Lieutenant Frank Zanieri
     NYPD
     Manhattan North Grand Larceny Unit
     530 W. 126th Street
     New York, NY 10027

B.   Documents Relevant to Disputed Facts Alleged in Pleadings

     UPS identifies the following categories of documents, described below, as documents

that may be used to support its claims or defenses. Portions of these categories of documents

may consist of confidential information, including information that is the subject of this lawsuit,

4

and may therefore necessitate entry of an appropriate protective order or agreement prior to their production. Again, this information reflects information reasonably available to UPS at this time, and UPS reserves the right to supplement this information if additional or different information is obtained.

UPS makes claims of privilege as to all communications between itself and its attorneys (attorney-client privilege), as well as to all documents created in reasonable anticipation of litigation (trial preparation, attorney work product, party communications, and witness statements), and all other applicable doctrines of privilege and work product. The categories of documents that UPS may use to support its claims or defenses are the following:

1.    Documents relating to Plaintiff's employment with, and his resignation from, UPS.

2.    Documents and other materials relating to the investigation of Plaintiff's package delivery practices and suspected involvement in a scheme to steal cellular phones.

C.    Computation of Damages

Not applicable.

D.    Insurance Agreement

There is no insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy such judgment.

Dated:   June 18, 2008
         New York, New York

By: _____

Richard J. Rabin (RR-0087)
Evandro C. Gigante (EG-7402)
AKIN GUMP STRAUSS HAUER & FELD LLP
590 Madison Avenue
New York, New York 10022
(212) 872-1000 (tel)
(212) 872-1002 (fax)
E-mail:  rrabin@akingump.com
             egigante@akingump.com


*Attorneys for Defendants United Parcel Service, Inc., United Parcel Service of America, Inc. and United Parcel Service Co.*

6

EXHIBIT C

**adam@arichardslaw.com**

**From:**   adam@arichardslaw.com
**Sent:**   Thursday, June 19, 2008 10:04 PM
**To:**     'Gigante, Evandro'
**Subject:** Confidential Informant

Evandro: Please immediately prepare the protective order you require for the disclosure of the "Confidential Informant" you repeatedly refer to in the discovery materials provided today. Surely this could have been provided for in the protective order we already prepared and negotiated n this case? Let's try and resolve not to play these types of games going forward.

Thanks.

Adam.

Adam Richards
ADAM RICHARDS LLC
40 Fulton Street, 7th Floor
New York, New York  10038
T: 212.233.4400
F: 212.233.4405
E: adam@arichardslaw.com
W: www.arichardslaw.com

7/2/2008

# EXHIBIT D

ADAM RICHARDS

40 Fulton Street, 7th Floor, New York, New York 10038
t. 212 233 4400 f. 212 233 4405

June 20, 2008

VIA EMAIL AND FAX
Evandro C. Gigante, Esq.
Akin Gump Strauss Hauer & Feld LLP
590 Madison Avenue
New York, New York 10022

Re: Murray v. UPS

Dear Evandro:

Pursuant to our recent discussion, this shall confirm that I have adjourned Plaintiff's deposition from Monday June 23, 2008 to a date to be agreed upon.

Pursuant to the Consent Scheduling Order in this case, Rule 26 Initial Disclosures were made on April 25, 2008, almost two months ago. Now, less than two business days before Plaintiff's deposition in this case, your client has provided Supplemental Disclosures with additional witness names, including a "confidential informant" whose name your client will not release unless Plaintiff agrees to certain (as yet unspecified) conditions. I cannot in good conscience agree to let my client's deposition proceed under these circumstances. You had an obligation to produce the names of all material witnesses along with your Initial disclosures so that I might have an opportunity to conduct the appropriate due diligence. I have been denied that opportunity here. Further, we negotiated a Protective Order in this case more than two weeks ago. To the extent you seek to keep the identity of the "confidential informant" concealed, then would have been the time to bring this up, not now on the eve of my client's deposition.

If, as you claim, this "confidential informant" was the source of information that led to the investigation of my client's delivery practices, I fail to see how your client could not known of this witness prior to, or by the time of, the date of the Initial Disclosures. Either your client deliberately withheld the name of this individual or it is yet more evidence of the bungled nature of your client's investigation.

I look forward to the release of the name and address of the "confidential informant" as well as a description of the subjects of information as to which he or she will testify to. Once that information is in hand, we can agree to a mutually acceptable date for my client's deposition to proceed.

Thank you.


Sincerely yours,

/s Adam Richards

Adam Richards

# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ x
                                                       :
KEITH MURRAY,                                          :
                                                       :
            Plaintiff,                                 :
                        -against-                      :
                                                       :   INDEX NO. 08-CV-02160 (LAK)
UNITED PARCEL SERVICE OF AMERICA, INC.,                :
UNITED PARCEL SERVICE, INC., UNITED                    :
PARCEL SERVICE CO., THOMAS CLEARY AND                  :
JILLIAN DEDIER,                                        :
                        Defendants.                    :
------------------------------------------------------ x

## STIPULATED PROTECTIVE ORDER

**IT IS HEREBY STIPULATED AND AGREED** by and among the Parties and their

respective Counsel that:

      1.     Counsel for Defendants United Parcel Service, Inc., United Parcel Service of

America, Inc. and United Parcel Service Co. (collectively, "UPS Defendants") agree to

disclose to Plaintiff the identity of the "Confidential Informant" (as indicated in UPS

Defendants' Supplemental Initial Disclosures) provided that Plaintiff agree that (a) UPS

employees currently or formerly employed in the UPS Security Department will not be asked

(and will not be required) to identify the Confidential Informant by name, or other identifying

means, in any deposition or other testimony given in this matter, and (b) Plaintiff will not

reveal the identity of the Confidential Informant to any current or former employees of UPS.

During the course of any depositions or testimony given by current or former employees of the

UPS Security Department, such informant shall be referred to only as the "Confidential

Informant."

2.    Plaintiff further agrees not to disclose or otherwise reveal the identity of the
Confidential Informant to others outside the scope of the parties to this litigation, and UPS
Defendants' disclosure of the Confidential Informant's identity shall be deemed Confidential
pursuant to the Confidentiality Agreement and Order signed by the parties on June 11, 2008,
and so Ordered by the Court on June 12, 2008.

3.    The undersigned hereby consent to the form and substance of this Stipulated
Protective Order.

Dated:  New York, New York
        June ___, 2008

By:_____               By:_____
    Richard J. Rabin (RR-0037)                  Adam Richards, Esq.
    Evandro C. Gigante (EG-7402)                ADAM RICHARDS LLC
    AKIN GUMP STRAUSS HAUER & FELD LLP           40 Fulton Street, 7th Floor
    590 Madison Avenue                          New York, New York  10038
    New York, New York 10022                    (212) 233-4400 (tel)
    (212) 872-1000 (tel)
    (212) 872-1002 (fax)
    E-mail: rrabin@akingump.com
            egigante@akingump.com
    *Attorneys for Defendant United Parcel Service, Inc.,*       *Attorneys for Plaintiff Keith Murray*
    *United Parcel Service of America, Inc. and United*
    *Parcel Service Co.*

SO ORDERED:

_____
        U.S.D.J.

2

EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                            :
KEITH MURRAY,                     :
                            :
        Plaintiff,            :
                            :
          -against-         :  INDEX NO. 08-CV-02160 (LAK)
                            :
UNITED PARCEL SERVICE OF AMERICA, INC.,   :
UNITED PARCEL SERVICE, INC., UNITED   :
PARCEL SERVICE CO., THOMAS CLEARY AND   :
JILLIAN DEDIER,                   :
                Defendants.    :
-------------------------------------------------------------- x

## STIPULATED PROTECTIVE ORDER

**IT IS HEREBY STIPULATED AND AGREED** by and among the Parties and their respective Counsel that:

     1.     Counsel for Defendants United Parcel Service, Inc., United Parcel Service of America, Inc. and United Parcel Service Co. (collectively, "UPS Defendants") agree to disclose to Plaintiff the identity of the "Confidential Informant" (as indicated in UPS Defendants' Supplemental Initial Disclosures) provided that Plaintiff agree that (a) Plaintiff will not reveal the identity of the Confidential Informant to any current or former employees of UPS in deposition or otherwise, and (b) UPS employees currently or formerly employed in the UPS Security Department will not be asked (and will not be required) to identify the Confidential Informant in any deposition or other testimony given in this matter. During the course of any depositions or testimony given by current or former employees of the UPS Security Department, such informant shall be referred to only as the "Confidential Informant." As to depositions or testimony given by UPS employees not currently or formerly employed in the Security Department, Plaintiff may use the Confidential Informant's name (without

revealing or suggesting that such individual is the Confidential Informant) and is free to question the witness with respect to such individual.

2.    Plaintiff further agrees not to disclose or otherwise reveal the identity of the Confidential Informant to others outside the scope of the parties to this litigation, and UPS Defendants' disclosure of the Confidential Informant's identity shall be deemed Confidential pursuant to the Confidentiality Agreement and Order signed by the parties on June 11, 2008, and so Ordered by the Court on June 12, 2008.

3.    The undersigned hereby consent to the form and substance of this Stipulated Protective Order.

Dated:  New York, New York
        June ___, 2008

By:_____
    Richard J. Rabin (RR-0037)
    Evandro C. Gigante (EG-7402)
    AKIN GUMP STRAUSS HAUER & FELD LLP
    590 Madison Avenue
    New York, New York 10022
    (212) 872-1000 (tel)
    (212) 872-1002 (fax)
    E-mail:  rrabin@akingump.com
             egigante@akingump.com

*Attorneys for Defendant United Parcel Service, Inc., United Parcel Service of America, Inc. and United Parcel Service Co.*

By:_____
    Adam Richards, Esq.
    ADAM RICHARDS LLC
    40 Fulton Street, 7th Floor
    New York, New York  10038
    (212) 233-4400 (tel)

*Attorneys for Plaintiff Keith Murray*

        SO ORDERED:

        _____
              U.S.D.J.

2