Richard J. Rabin (RR-0037)
Evandro C. Gigante (EG-7402)
AKIN GUMP STRAUSS HAUER & FELD LLP
590 Madison Avenue
New York, New York 10022
(212) 872-1000

*Attorneys for Defendant-Third Party Plaintiff
United Parcel Service, Inc.*

[Stamp: RECEIVED JUL 08 2008 U.S.D.C. S.D.N.Y. CASHIERS]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

KEITH MURRAY,

          Plaintiff,

    -against-

UNITED PARCEL SERVICE OF AMERICA, INC.,
UNITED PARCEL SERVICE, INC., AND UNITED
PARCEL SERVICE CO.,

          Defendants.

------------------------------------------------------------x
------------------------------------------------------------x

UNITED PARCEL SERVICE, INC.,

          Third-Party Plaintiff,

    -against-

JOSE BEATO,

          Third-Party Defendant.

------------------------------------------------------------x

No. 08-CV-2160(LAK)(DFE)

**THIRD-PARTY**
**COMPLAINT**

For its Third-Party Complaint against Jose Beato ("Beato"), Third-Party Plaintiff United Parcel Service, Inc., ("UPS, Inc."), by and through its attorneys Akin Gump Strauss Hauer & Feld LLP, alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action against Third-Party Defendant Beato for aiding and abetting Plaintiff Keith Murray ("Murray") in his breach of fiduciary duty of loyalty his former employer, UPS, Inc. During the course of Murray's employment with UPS, Inc. as a cover driver, Murray and Beato engaged in a scheme to obtain fraudulently ordered cell phones through UPS Inc.'s delivery system and re-sell the phones for personal gain. By affirmatively engaging in the aforementioned scheme, Beato has unlawfully enriched himself at the expense of UPS, Inc., its investors, its customers and Sprint as well as its insurance company, Asurion Corp.

## PARTIES

2. Defendant/Third-Party Plaintiff United Parcel Service, Inc. is a corporation existing under and by virtue of the laws of the State of New York.

3. Plaintiff Keith Murray is an individual residing at 2116 Crotona Parkway, #3D, Bronx, New York 10460.

4. Upon information and belief, Third-Party Defendant Jose Beato is an individual residing in New York, New York.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this Third-Party Complaint pursuant to 28 U.S.C. § 1367(a).

6.  Venue is proper in the Southern District of New York District under 28 U.S.C. § 1391(a).

## FACTUAL BACKGROUND

9.  On or about August 15, 2005, Murray began work with UPS, Inc. as a cover driver in the Metro New York District, Manhattan North facility, assigned to cover routes for other drivers who were on vacation or extended leave.

10. Upon commencement of his employment, Murray signed a Policy Acknowledgement form agreeing "to comply with all applicable policies, rules, regulations, and procedures of the Company", including without limitation, UPS, Inc.'s honesty in employment policy.

11. As a cover driver, Murray selected which route he wanted to drive from a number of available routes. In or around mid-2006, Murray began to cover a route in the Washington Heights area of Manhattan. While assigned to the Washington Heights route, Murray was responsible for delivering packages to, and picking packages up from, UPS, Inc. customers along his route.

12. During his stint covering the Washington Heights route, Murray became friendly with an individual later identified as Third-Party Defendant Jose Beato. Murray frequently diverted UPS, Inc. packages containing cell phones to Beato rather than delivering them to the individuals to whom the packages were addressed.

13. In or around December 2006, UPS, Inc. commenced an investigation based on information provided to its Security Department that Murray was potentially involved in a scheme to steal fraudulently ordered cell phones. As part of the investigation, on December 28,

2006, UPS, Inc. retained a private investigator to conduct video surveillance of Murray while on his route in Washington Heights.

14. Surveillance was conducted on December 29, 2006, and again on January 2, 5, 29 and February 2, 2007. The surveillance revealed that on December 29, 2006, January 5, 2007, and February 2, 2007, Murray released a total of eleven (11) clearly marked packages containing Sprint cellular phones to Beato directly from his package delivery vehicle. *Murray did so without verifying that Beato was the intended recipient – and indeed with full knowledge that the packages were not intended for Beato* – in violation of Company policy.

15. Beato was not the intended recipient of these cell phone packages. Instead, upon information and belief, Beato obtained these packages in order to re-sell them for personal gain.

16. On December 29, 2006, after receiving cell phones packages from Murray, Beato was observed entering a cell phone store, G & P Cell Center, with the Sprint packages and exiting without the cell phones. On February 2, 2007, a similar pattern occurred, as Beato received six (6) cell phones from Murray and was again observed entering the G & P Cell Center and taking Sprint packages out of his backpack and placing them on the store counter.

17. All eleven (11) cell phone packages released on December 29, 2006, January 5, 2007 and February 2, 2007 were delivered to Beato in the same manner. Indeed, Murray was not observed delivering packages *other than* cell phones to Beato. The eleven (11) fraudulently ordered phones seen delivered by Murray to Beato on December 29, 2006, January 5, 2007, and February 2, 2007 were valued at $5,910.

18. Further investigation revealed that the "ship to" addresses for the eleven (11) packages released to Beato were all, in fact, fictitious. In all eleven (11) cases, either the names on the packages did not correspond with the name at the intended address or the apartments simply did not exist in the buildings to which the packages were addressed.

19. On February 2, 2007, the six (6) cell phone packages released to Beato within 30 minutes of one another were, in fact, addressed to six (6) different addresses on West 188th and 190th Streets. Beato accepted delivery of the cell phones from Murray in furtherance of a scheme to fraudulently obtain and sell the phones for personal gain.

20. During its investigation, UPS, Inc. contacted Sprint's Security Department and confirmed that the packages seen delivered to Beato were fraudulently ordered insurance replacement phones – *i.e.*, replacement phones ordered through an insurance program for damaged, lost or stolen cell phones.

21. Unfortunately, scams such as that perpetrated by Murray and Beato are not uncommon in the delivery industry. Typically, the scheming party obtains a Sprint Customer's account information and surreptitiously orders replacement phones through Sprint's insurance carrier (e.g., Asurion Corp.) using the customer's information. The scheming party then requests that the replacement phones be shipped to a location other than the address associated with the customer's account.

22. In this case, Third-Party Defendant Beato routinely met Murray on his delivery route and obtained the fraudulently ordered cell phones directly from him. In order for this scam to succeed, the driver delivering the packages must be a willing participant, as he or she must be

willing to violate UPS, Inc. policy by delivering multiple packages to one individual who lacks proper identification.

23. On February 2, 2007, UPS, Inc. Security interviewed Murray regarding his role in this scheme. During the interview, Murray readily admitted, in a written statement, that "for about a year [Jose Beato] would come up to [the] truck, 2 maybe 3 times a week" and that Murray "would deliver packages to him, mostly cell phones" without requesting proper identification, or otherwise verifying that Beato was the intended recipient. Indeed, Murray even acknowledged that he "realized that [Beato's] I.D. didn't match the package he got from [Murray]."

24. When it was apparent to Murray that his involvement in the scam had been exposed, he voluntarily resigned from UPS, Inc. effective immediately.

25. Following the interview, Murray, Beato, and an employee of G & P Cell Center were all arrested and taken into custody by the New York City Police Department ("NYPD") in connection with their scheme.

### AS AND FOR A FIRST CAUSE OF ACTION
(Aiding and Abetting Breach of Fiduciary Duty of Loyalty)

26. UPS, Inc. repeats and re-alleges its allegations set forth in paragraphs 1 through 25 of the Third Party Complaint, as if fully set forth herein.

27. As a UPS, Inc. employee, Murray owed UPS, Inc. the duty of utmost faith and loyalty in the performance of his duties.

28. Murray knew or should have known that his conduct was in furtherance of an unlawful scheme perpetrated by means of UPS, Inc.'s package delivery system. Thus, Murray breached his duty of utmost faith and loyalty in the performance of his duties for UPS, Inc.

29. Beato aided and abetted Murray in his breach of fiduciary duty of loyalty to UPS, Inc. by conspiring with Murray to affirmatively engage in the aforementioned cell phone scheme. In doing so, Murray and Beato defrauded UPS, Inc., its investors, its customers and Sprint and Asurion Corp. Beato is therefore liable as a joint tortfeasor with Murray.

30. Beato's actions have caused damage to UPS, Inc., its reputation, investors, and customers.

31. By reason of the foregoing, UPS, Inc. has been damaged in an amount to be determined at trial, including but not limited to all expenses incurred by UPS, Inc. during the course of its investigation into Murray and Beato's scheme, including costs associated with retaining a private investigator, in an amount to be determined by the Court, together with all other remedies deemed appropriate by the Court.

WHEREFORE, UPS, Inc. demands judgment against Beato for the following relief:

(a) Damages in an amount to be determined at trial including but not limited to all expenses incurred by UPS, Inc. during the course of its investigation into Murray and Beato's scheme, including costs associated with retaining a private investigator, in an amount to be determined by the Court, and

(b) An Order granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 8, 2008

By: _____

Respectfully submitted,

Richard J. Rabin, Esq.
Evandro Gigante, Esq.
AKIN GUMP STRAUSS HAUER & FELD LLP
590 Madison Ave.
New York, New York 10022
(212) 872-1000 (tel)
(212) 872-1002 (fax)

*Attorneys for Defendant United Parcel Service, Inc.*